UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| NEKEIA PULLINS | CIVIL NO. 19-00006 |
| V. | JUDGE SHELLY D. DICK |
| HANCOCK WHITNEY BANK | MAG. JUDGE ERIN WILDER-DOOMES |

RULING

This matter is before the Court on the *Motion for Reconsideration*[1] by Plaintiff, Nekeia Pullins ("Plaintiff") of this Court's *Ruling*,[2] dated January 11, 2021, granting the *Motion to Dismiss* filed by Defendant, Hancock Whitney Bank ("Defendant"), which also filed an *Opposition*[3] to the present motion. For the following reasons, Plaintiff's motion shall be denied.

I. **MOTION TO ALTER OR AMEND JUDGMENT/NEW TRIAL**

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'"[4] "A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence"[5] and "**is not the proper vehicle for rehashing evidence, legal theories, or arguments** that could have been offered or raised before the entry of judgment."[6] "'Manifest error' is one that 'is plain and indisputable, and that amounts to a

---

[1] Rec. Doc. No. 36.
[2] Rec. Doc. No. 34.
[3] Rec. Doc. No. 42.
[4] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)(quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).
[5] *Advocare Intern. LP v. Horizon Laboratories, Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)(quoting *Simon v. U.S.,* 891 F.2d 1154, 1159 (5th Cir. 1990)).
[6] *Templet*, 367 F.3d 473, 478-9(5th Cir. 2004)(emphasis added).

complete disregard of the controlling law.'"[7]  The Fifth Circuit has explained that reconsideration of a judgment after it has been entered under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly."[8]  As this Court has recently explained, "[w]hile the district courts do have 'considerable discretion in deciding whether to grant or deny a motion to alter judgment,' denial of Rule 59(e) motions to alter or amend is favored."[9]

"Depending on when it is filed, a motion seeking relief from a final judgment may be construed under either Rule 59(e) as a motion to alter or amend a judgment, or under Rule 60(b) as a motion for relief from a final judgment."[10] If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion.[11] Because Plaintiff's motion was filed beyond 28 days of the *Ruling*, the Court construes it as a motion to amend the judgment under Rule 59(e).

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to relieve a party from a final judgment, order, or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic),

---

[7] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)(quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).
[8] *Templet*, 367 F.3d at 479 (citing *Clancy v. Empl'rs Health Ins. Co.,* 101 F.Supp.2d 463, 465 (E.D.La. 2000)).
[9] *Brown v. Louisiana State Senate*, 2013 WL 5603232, at *1 (M.D.La. Oct. 11, 2013)(quoting *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995)).
[10] *Lawrence v. Rocktenn CP, LLC*, No. 16-0821, 2017 WL 3165121, at *2 (W.D. La. July 25, 2017)(citing *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004)(*Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.")).
[11] *Id.* (citing *Hamilton Rothschilds v. Williams Rothschilds*, 147 F.3d 367, 371 n. 19 (5th Cir. 1998)).

Document Number: 66409                                                                                        2

misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

"Several factors shape the framework of the court's consideration of a 60(b) motion: '(1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether—if the judgment was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.'"[12]

Plaintiff fails to cite to Rule 59 or Rule 60 as a basis for her *Motion for Reconsideration*, and she fails to demonstrate how she has satisfied the standards set forth above. Indeed, her entire argument is simply that the Court was wrong in deciding the Rule 12(b)(6) motion – the entirety of Plaintiff's argument is nothing but the "rehashing [of] evidence, legal theories, or arguments."[13] To the extent Plaintiff's motion is made pursuant to Rule 60(b), Plaintiff still failed to address, much less demonstrate, any of the factors set forth above under that analysis. Accordingly, Plaintiff's *Motion* shall be denied.

---

[12] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 356 (5th Cir. 1993)(quoting *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir.1981)); *see also Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir.1984).
[13] *See Templet*, 367 F.3d 473, 478-9.

Document Number: 66409

3

## II. CONCLUSION

For the reasons set forth above, Plaintiff's *Motion for Reconsideration*[14] is DENIED.

*Judgment* shall be entered.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana April 1, 2021.

*[signature]*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[14] Rec. Doc. No. 36.
Document Number: 66409